**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TYRELL AUSTIN-JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.   21 CV 43 |
| | ) | |
| CITY OF CHICAGO, OFFICER SEBEK, and OFFICER SISKA, | ) ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES the Plaintiff, TYRELL AUSTIN-JONES, by and through his attorney, BASILEIOS J. FOUTRIS, and for his Complaint against the Defendants, CITY OF CHICAGO, OFFICER SEBEK, and OFFICER SISKA, states as follows:

**Nature of Action**

1. This action is brought pursuant to the Laws of the United States Constitution, through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants in connection with an incident on January 5, 2019.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

4. At all relevant times, CITY OF CHICAGO was a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the CITY OF CHICAGO was the employer of Defendants OFFICER SEBEK and OFFICER SISKA.  Defendants OFFICER

SEBEK and OFFICER SISKA were at all relevant times employed by Defendant CITY OF CHICAGO as duly appointed POLICE OFFICERS acting within the course and scope of their employment and under color of law. Defendants OFFICER SEBEK and OFFICER SISKA are being sued in their individual capacities with respect to the federal claims. The state claims against CITY OF CHICAGO are being advanced pursuant to Illinois' indemnification statute.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On January 5, 2019, the Plaintiff was at a family gathering located in Chicago, IL. While he was at the gathering, his sister asked him to go to her car, which was lawfully parked outside the family gathering, to retrieve a Pepsi for her. The Plaintiff then left the family gathering to get the Pepsi for his sister from his sister's car. At that time, the Plaintiff was not violating any laws, rules, or ordinances. Additionally, at that time, there was no probable cause or reasonable suspicion to believe that the Plaintiff was violating any laws, rules, or ordinances.

7. The Plaintiff approached his sister's car and entered it. He closed the door behind him at that time. At that time, the Plaintiff was not violating any laws, rules, or ordinances. Additionally, at that time, there was no probable cause or reasonable suspicion to believe that the Plaintiff was violating any laws, rules, or ordinances.

8. Shortly after the Plaintiff entered his sister's car, two Chicago police officers, Defendants Sebek and Siska, approached the car and attempted to enter it by opening the driver's side door. They were unable to enter the vehicle. The Plaintiff's actions did not prevent them from entering the vehicle at that time. In any event, they had no legal justification to enter the car at that time, or to open the door to the car.

9. After unsuccessfully attempting the enter the car, the Defendant Officers drew and pointed their firearms at the Plaintiff, and the Plaintiff was threatened that he would be killed if he moved. The Plaintiff was not resisting the Defendant Officers at any point, or doing anything that would lead a reasonable police officer to conclude that pointing a firearm at the Plaintiff was warranted under the circumstances, and there was no legal justification to point a firearm at the Plaintiff.

10. The Plaintiff was then placed in handcuffs, detained at the scene, and ultimately arrested by the Defendant Officers. The Plaintiff's January 5, 2019 detention and arrest was made without legal justification, without reasonable suspicion, without a warrant, and without probable cause to believe that the Plaintiff had committed, was committing, or was about to commit a crime.

11. Subsequent to the Plaintiff's detention and arrest, the Defendant Officers concocted a false story that the Plaintiff was engaged in criminal activity. The Defendant Officers falsely claimed and asserted that the Plaintiff closed the car's driver's side door to prevent their entry into the car and to prevent a field interview, that Plaintiff possessed a handgun during their interaction with him, and that the Plaintiff tried to conceal the handgun from them.

12. The Defendant Officers authored police reports with this concocted/falsified account of what had transpired, and thereafter provided this same concocted/falsified account to prosecutors and in court proceedings.

13. The false police reports authored by the Defendant Officers, and the false accounts to the prosecutors and in court proceedings, led to the Plaintiff being charged with unlawfully possessing a firearm. Ultimately, due to the Defendant Officers' false police reports and false accounts, the Plaintiff was indicted in the United States District Court for the Northern District of Illinois, in Case Number 19 CR 507.

14. The Defendant Officers knew, or should have known, that there was no reasonable suspicion, probable cause, or legal justification to cause the Plaintiff to be detained, arrested, charged, and indicted for possessing a firearm.

15. The Plaintiff eventually filed a motion to suppress in connection with the criminal matter pending in the United States District Court for the Northern District of Illinois, in Case Number 19 CR 507. On April 8, 2020, Federal District Court Judge Pallmeyer entered and continued the Plaintiff's motion to suppress.

16. On that date, Judge Pallmeyer issued an Order that stated, "…the court concludes that there was no 'particularized basis for the stop on January 5, 2019'…." In that Order, the Court further held that, "There was no articulable basis to suspect that Jones was engaged in any wrongdoing when the officers stopped him." On May 11, 2020, Judge Pallmeyer granted the motion to suppress, and the indictment was dismissed with prejudice on May 29, 2020.

17. Due to his detention and arrest, the Plaintiff was confined and/or his movement and/or freedom was restricted in jail facilities for a period of time as a proximate result of the Defendant Officers' actions. The Plaintiff was confined both before, and after legal process had begun in the criminal matter. The Plaintiff was confined in jail facilities from the date of his initial detention on January 5, 2019, until he was released from custody on May 13, 2020.

18. The January 5, 2019 use of force was done without legal justification and without probable cause. Similarly, the detention and arrest of the Plaintiff on January 5, 2019 were done without legal justification and without probable cause or reasonable suspicion. Further, the Plaintiff's pretrial, post legal process detention, was done without legal justification and without probable cause. All of the Defendant Officers' above-referenced acts were intentional and/or willful and wanton and/or objectively unreasonable.

## COUNT I - 42 U.S.C. §1983
### Unlawful Detention/*Terry* Stop – Defendant Officers

19. The Plaintiff re-alleges Paragraphs 1 through 18, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 19.

20. As described above, the Defendant Officers performed an unlawful *Terry* stop of the Plaintiff when, as Judge Pallmeyer ruled, there was no 'particularized basis for the stop on January 5, 2019'…." and also that, "There was no articulable basis to suspect that Jones was engaged in any wrongdoing when the officers stopped him." In so doing, the Defendant Officers violated the Plaintiff's constitutional rights.

21. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

22. The acts of the Defendant Officers were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

23. As a direct and proximate result of the acts of the Defendant Officers, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, TYRELL AUSTIN-JONES, prays for judgment in his favor and against the Defendant Officers, OFFICER SEBEK and OFFICER SISKA, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT II - 42 U.S.C. §1983
### Unlawful/False Arrest – Defendant Officers

24. The Plaintiff re-alleges Paragraphs 1 through 23, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 24.

25. As described in the preceding paragraphs the conduct of the Defendant Officers, acting under color of law, constituted an unlawful arrest of the Plaintiff in violation of the United States Constitution.

26. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

27. The acts of the Defendant Officers were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

28. As a direct and proximate result of the acts of the Defendant Officers, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, TYRELL AUSTIN-JONES, prays for judgment in his favor and against the Defendant Officers, OFFICER SEBEK and OFFICER SISKA, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT III - 42 U.S.C. §1983
### Unlawful Pretrial Detention/*Manuel* – Defendant Officers

29. The Plaintiff re-alleges Paragraphs 1 through 28, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 29.

30. As described in the preceding paragraphs the conduct of the Defendant Officers, acting under color of law, constituted and caused an unlawful pretrial, post legal process, detention of the Plaintiff in violation of the United States Constitution, as recognized in *Manuel v. Joliet*.

31. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

32. The acts of the Defendant Officers were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

33. As a direct and proximate result of the acts of the Defendant Officers, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, TYRELL AUSTIN-JONES, prays for judgment in his favor and against the Defendant Officers, OFFICER SEBEK and OFFICER SISKA, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### COUNT IV - 42 U.S.C. §1983
### Excessive Force – Defendant Officers

34. The Plaintiff re-alleges Paragraphs 1 through 33, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 34.

35. As described above, the Defendant Officers used excessive, unreasonable and unwarranted force against the Plaintiff.

36. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice,

7

and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

37. The acts of the Defendant Officers were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

38. As a direct and proximate result of the acts of the Defendant Officers, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, TYRELL AUSTIN-JONES, prays for judgment in his favor and against the Defendant Officers, OFFICER SEBEK and OFFICER SISKA, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT V – Illinois State Law
## Indemnification - CITY OF CHICAGO

39. The Plaintiff re-alleges Paragraphs 1 through 38, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 39.

40. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

41. At all relevant times the CITY OF CHICAGO was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, TYRELL AUSTIN-JONES, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, CITY OF CHICAGO, in the amounts awarded to the Plaintiff against the Defendants, OFFICER SEBEK and OFFICER SISKA, and for whatever additional relief this Court deems just and appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

                    Respectfully Submitted by,

                    s/Basileios J. Foutris
                    BASILEIOS J. FOUTRIS
                    Attorney for Plaintiff
                    FOUTRIS LAW OFFICE, LTD.
                    53 W. Jackson, Suite 252
                    Chicago, IL 60604
                    312-212-1200
                    bfoutris@foutrislaw.com